Curia, per Harper, Chancellor.
James Smart,, by his last will, devised as follows, “to my daughter, Maria Johnson, and to her children after her, I give all that tract of land, originally granted to William Carr, that lieth below the edge of the Mill Pond, when the Mill Pond, is full <fec. also a negro woman named Hannah and all her increase, and all the stock of cattle that she now keeps at her pen, for her and her family’s • use.” The testator’s daughter, Maria Johnson, afterwards sold several slaves,'the issue of Hannah, to the defendant, Nathan Johnson. The complainants, children of Maria Johnson, charge,“by their bill, that by the will of her father, their mother took no more than a life estate in Hannah and her increase, with remainder to themselves, and that the defendant acquired no more by his purchase from her; they allege that the defendant is about to remove the negroes from the State and pray that he may be compelled to give security for *347 their forthcoming at the termination of the life estate. The intention to remove the slaves is admitted and defendant claims that, by the will of her father, Mrs. Johnson took an absolute estate.
Supposing the limitation to Mrs. Johnson “and to her children after her” to apply to Hannah and her increase, there can be no doubt that the words are such as would ■give an estate tail in such property, in England, and that they, therefore, give an absolute inpersonalty. As is said in Wild’s case, 6 Co. 16, which has been followed as familiar law ever since, that if lands are devised to A, and his children, who has children living at the time, they will take as joint tenants or tenants in common ; but if it be to A and his issue, or children, and he have no children, he will take an estate tail: there is a design to benefit the children, but they cannot take as immediate devisees, not being in rerum natura, nor by way of remainder, the devise being immediate. It does not appear whether the complainants were born at the time of this devise; but by the express terms of the will, they are not to take along with the mother, they cannot take as immediate devisees, and, for the reason given, cannot take in remainder. There is therefore the same reason for giving the mother an estate transmissible to them. The cases are numerous and unequivocal, as in Davis vs. Stephens; Doug. 321, where the devise was to the testator’s son, to him and his child or children forever: or in Wood vs. Barron, 1 East. 259; where the devise was to a daughter as a place of inheritance to her and her children or her issue forever. In Londay’s, case 9 Co. 128; the devise was to A and if he should have issue male, his son to have it. In Sweetapple vs. Buidon, 2 Vern. 536; to a daughter and her children, and if she should die without issue over; the words in this case, seem entirely equivalent to those in Shearman vs. Augel, 1 Bail. Eq. 351; where the devise was to the testator’s mother for life “and at her decease to her children forever.” It would be different if there were a limitation over, in the event of Mrs. Johnson’s having no children living at her death. That would shew the intention of giving, In remainder, to the children living at her death, and would restrict the matter to a life estate. But the *348 testator disposed of the entire property and if we should make such a construction in this case, then in the event of Mrs. Johnson’s dying without children the remainder would he undisposed of.
W. F. Colcock, pro. appellant.
W. E. Martin contra::
It is ordered and decreed that the hill he dismissed.
WM. HARPER.